UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) | |
| | ) | No. 3:09-cv-00812 |
| v. | ) ) | |
| RICHARDSON M. ROBERTS and | ) | JUDGE SHARP |
| BUCKSNORT RR RANCH, LLC, | ) ) | MAGISTRATE JUDGE BROWN |
| Defendants. | ) | |

## MEMORANDUM

Plaintiff United States of America ("United States" or "Plaintiff") filed a Motion for Partial Summary Judgment (Docket Entry No. 42), to which Defendants Richardson M. Roberts and Bucksnort RR Ranch, LLC (collectively, "Defendants") filed a response (Docket Entry No. 45), and Plaintiff filed a reply (Docket Entry No. 53). For the reasons discussed herein, the Court will grant in part and deny in part Plaintiff's motion for partial summary judgment.

## FACTS

Roberts is a 99% member of Bucksnort RR Ranch, LLC.[1] Defendants own over two thousand acres of real property in Humphreys County, Tennessee. This case arises out of the construction of a dam and impoundment on Defendants' property sometime after June 2005. As constructed by Defendants' contractors, the dam measures approximately sixty feet high and approximately four hundred feet long.

---

[1] Unless otherwise noted, the facts are drawn from the parties' statements of material facts (Docket Entry Nos. 44 and 48) and related declarations and exhibits. Although facts are drawn from submissions made by both parties, on a motion for summary judgment, all inferences are drawn in the light most favorable to the non-moving party. *See Matsushita Elec. Indus. Co. v. ZenithRadio Corp.*, 475 U.S 574, 586 (1986); *McLean v. 988011 Ontario, Ltd.*, 224 F.3d 797, 800 (6th Cir. 2000).

1

Prior to the construction, Robert Baker, a biologist and permit writer for the Tennessee Department of Environmental Conservation, visited the prospective construction site on multiple occasions.[2] Matthew Blue, who managed Roberts's farm and property, escorted Baker around the property during an August 2004 site visit. Stanley Rudzinski and Kevin Young, engineering consultants retained by Roberts, also toured the site during this visit. According to Blue, during the visit, Baker stood in a particular location and said "if you put [the dam] here, you wouldn't have any issues" with needing to obtain permits. (Docket Entry No. 44-6, at 35:6-7.) Blue communicated Baker's statement to Roberts. The place where Baker stood when he made the statement was approximately 3,500 feet uphill of the originally proposed site. Roberts amended his plans and eventually constructed the dam where Baker was standing when he made the statement.

## ANALYSIS

The United States' amended complaint (Docket Entry No. 8) pleads causes of action for unauthorized discharge of dredged or fill material and for violation of an EPA administrative order, both in violation of the Clean Water Act. As relief, the amended complaint seeks an injunction and civil penalties. By the present motion, the United States seeks summary judgment as to some, but not all, elements of a Clean Water Act violation and as to four of Defendants' affirmative defenses.

**I.      Summary Judgment Standard**

---

[2] Pursuant to section 401 of the Clean Water Act, an applicant for a federal permit to conduct an activity that "may result in any discharge into the navigable waters" must first obtain certification that the discharge will not violate any effluent limitation or water quality standard from the state where the discharge originates. *See* 33 U.S.C.A. § 1341 (2001).

2

Case 3:09-cv-00812   Document 178   Filed 11/07/11   Page 2 of 8 PageID #: 4670

A party may obtain summary judgment if the evidence establishes there are not any genuine issues of material fact for trial and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c); *Covington v. Knox Cnty. Sch. Sys.*, 205 F.3d 912, 914 (6th Cir. 2000). The moving party bears the initial burden of satisfying the court that the standards of Rule 56 have been met. *See Martin v. Kelley*, 803 F.2d 236, 239 n.4 (6th Cir. 1986). The ultimate question to be addressed is whether there exists any genuine issue of material fact that is disputed. *See Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986); *Covington*, 205 F.3d at 914 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)). If so, summary judgment is inappropriate.

To defeat a properly supported motion for summary judgment, the nonmoving party must set forth specific facts showing that there is a genuine issue of material fact for trial. If the party does not so respond, summary judgment will be entered if appropriate. Fed. R. Civ. P. 56(e). The nonmoving party's burden of providing specific facts demonstrating that there remains a genuine issue of material fact for trial is triggered once the moving party shows an absence of evidence to support the nonmoving party's case. *Celotex*, 477 U.S. at 325. A genuine issue exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. In ruling on a motion for summary judgment, the Court must construe the evidence in the light most favorable to the nonmoving party, drawing all justifiable inferences in its favor. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

## II.   Clean Water Act Violation

The Sixth Circuit has set forth the elements that the United States must prove to establish liability under the Clean Water Act: "(1) a person (2) discharged a pollutant (3) from a point

3

source (4) into waters of the United States (5) without a permit." *See United States v. Cundiff*, 555 F.3d 200, 213 (6th Cir. 2009). Plaintiff concedes the parties dispute whether the creeks and tributaries at issue in this case are "waters of the United States." However, Plaintiff contends that it is entitled to summary judgment on the remaining four elements.

By Defendants' own admission, there is no dispute of material fact as to the first three elements. Defendants admit that Roberts and Bucksnort RR Ranch are both "persons" within the meaning of the Clean Water Act. (*See* Docket Entry No. 47 ¶¶ 2, 4.) Defendants also admit that, at their direction, contractors deposited fill material, including sand and rock, at the dam construction site using mechanized earth-moving equipment. (*Id.* ¶ 46.) Sand and rock qualify as "pollutants" under the Clean Water Act, *see* 33 U.S.C.A. § 1362(6) (2001), and Defendants admit that mechanized earth-moving equipment constitutes a "point source." (Docket Entry No. 47 ¶ 47.)

Regarding the final element, although Defendants concede that they constructed the dam and discharged the fill material without a permit, they claim the statutory exemptions for the conduct of normal farming activities and the construction of farm ponds. *See* 33 U.S.C.A. § 1344(f)(1)(A), (C) (2001). Either exemption, if applicable, would insulate Defendants from the Clean Water Act permitting requirements that the United States has asserted in this case. *Id.* The United States does not address this defense on its merits but instead maintains that Defendants are procedurally barred from raising it, pointing to this language in Defendants' answer: "Even if 'the Wetland' referred to in the Complaint is determined to be jurisdictional waters of the United States, Mr. Roberts' activities associated with said area are exempted by the CWA's 'normal farming activities' exemption in 33 U.S.C. § 1344(f)." (Docket Entry No. 11, at

4

7.[3]) The United States objects that Defendants originally claimed the exemption only as to the wetland, located approximately one thousand feet away from the dam and impoundment site, but not as to the dam and impoundment themselves. The Court declines to parse Defendants' pleading so narrowly as to preclude Defendants, the non-moving parties, from asserting their defense to summary judgment. *See Enquip, Inc. v. Smith-McDonald Corp.*, 655 F.2d 115, 118 (7th Cir. 1981) (directing that non-moving party's summary judgment defense be "liberally construed in terms of substance and of form"); *In re World Metals, Inc.*, 313 B.R. 720, 728 (Bkrtcy. N.D. Ohio 2004) (denying summary judgment because provisions in non-moving party's answer "could be construed as raising defenses," despite failure to cite applicable statutes). Because the Court finds that Defendants have adequately raised certain exemptions to the permit requirements as an affirmative defense, Defendants have raised a genuine dispute of fact as to the fifth element of Plaintiff's Clean Water Act claim. Accordingly, the Court will enter summary judgment as to the first three elements of the claim, while leaving the final two elements for trial.

## III. Affirmative Defenses

In addition to the four of the five elements of its claim for violation of the Clean Water Act, Plaintiff seeks summary judgment as to four of Defendants' affirmative defenses: statute of limitations, entrapment by estoppel, equitable estoppel, and due process.

Defendants have waived their statute of limitations defense and do not oppose summary judgment. (Docket Entry No. 46, at 14.) Therefore, the Court will enter summary judgment for Plaintiff on that defense. *See Humphrey v. U.S. Attorney Gen.'s Office*, 279 F. App'x 328, 331 (6th Cir. 2008).

---

[3] Although this language comes from the answer to the original complaint, Defendants incorporated it by reference in their answer to the amended complaint (Docket Entry No. 16), which simply added Bucksnort RR Ranch, LLC as an additional defendant.

5

Defendants base their entrapment by estoppel defense on Baker's alleged statement that, if Defendants built the dam in its present location, they "wouldn't have any issues." The Sixth Circuit has explained this defense as follows:

> Entrapment by estoppel applies when an official tells a defendant that certain conduct is legal and the defendant believes that official to his detriment. . . . In order to prove the defense of entrapment by estoppel, a defendant must show that: (1) a government agent announced that the charged conduct was legal; (2) the defendant relied on the agent's announcement; (3) the defendant's reliance was reasonable; and (4) given the defendant's reliance, prosecution would be unfair.

*United States v. Triana*, 468 F.3d 308, 316 (6th Cir. 2006) (citations omitted). The entrapment by estoppel defense is limited to the criminal context. *See, e.g., United States v. Aquino-Chacon*, 109 F.3d 936, 938 (4th Cir. 1997) ("A criminal defendant may assert an entrapment-by-estoppel defense . . . ."); *United States v. Trevino-Martinez*, 86 F.3d 65, 69 (5th Cir. 1996) ("[A] criminal defendant may be entitled to raise a defense of entrapment by estoppel . . . ."). Specifically, according to this court's research of Clean Water Act cases, courts have entertained the entrapment by estoppel defense only where the United States has sought criminal penalties against the defendant. *See United States v. Weitzenhoff*, 35 F.3d 1275, 1281, 1290-91 (9th Cir. 1993); *United States v. Rosenblum*, Criminal No. 07-294 (JRT/FLN), 2008 WL 4104692, at *2 (D. Minn. Aug. 29, 2008).[4] In this case, however, the United States only seeks civil penalties against Defendants. (*See* Docket Entry No. 1 ¶¶ 44, 49.) Defendants cite no case (Clean Water Act or otherwise) that applies the entrapment by estoppel defense outside of the criminal context. Because entrapment by estoppel is inapplicable to this civil action, Plaintiff is also entitled to summary judgment on this affirmative defense.

---

[4] In another case involving criminal violations of the Clean Water Act, the defendant attempted to assert the entrapment by estoppel defense against its convictions of other offenses, namely visa fraud and criminal violation of the Ocean Dumping Act. *See United States v. W. Indies Transp., Inc.*, 127 F.3d 299, 313-14 (3d Cir. 1997).

As for the remaining defenses, Defendants contend that the United States should be equitably estopped from seeking an injunction because, at the time of the dam construction, the Corps of Engineers routinely deferred to TDEC's jurisdictional determinations whether pollutant discharges were taking place into waters covered by the Clean Water Act. Defendants also contend that the application of the Clean Water Act would violate Defendants' federal constitutional right to due process because Defendants did not have adequate notice that the Clean Water Act applied to their property. Both defenses are first contingent on Plaintiff's establishing Defendants' liability for violating the Clean Water Act. Concerning its equitable estoppel defense, Defendants state that they "do not raise estoppel here as a defense to bar the action and dismiss the cause. The Defendants assert this misconduct is sufficient to bar an injunction . . . ." (Docket Entry No. 46, at 21.) Concerning the due process defense, Defendants state, "*If* the Government can succeed in requiring the application of the [statute] to this property, it must do so without having accorded adequate notice . . . ." (*Id.* at 23 (emphasis added).)

Because Defendants do not intend to assert the defenses of equitable estoppel and due process unless the United States first prevails as to liability on the underlying Clean Water Act claims, the Court will deny Plaintiff's motion for summary judgment on these two affirmative defenses without prejudice. Plaintiff may renew its argument for summary judgment on these defenses if the trier of fact finds Defendants liable for violation of the Clean Water Act.

## CONCLUSION

For all of the reasons stated, Plaintiff's Motion for Partial Summary Judgment (Docket Entry No. 42) will be granted as to the first three elements of Plaintiff's Clean Water Act claim. Plaintiff is entitled to judgment as a matter of law that (1) Defendants are "persons" within the meaning of the Clean Water Act, (2) Defendants discharged pollutants, and (3) those discharges

7

came from point sources. Plaintiffs are also entitled to summary judgment as to Defendants' affirmative defenses of statute of limitations and estoppel by entrapment. Otherwise, Plaintiff's motion is denied.

An appropriate Order shall be entered.

*/s/ Kevin H. Sharp*

KEVIN H. SHARP
UNITED STATES DISTRICT JUDGE

8

Case 3:09-cv-00812   Document 178   Filed 11/07/11   Page 8 of 8 PageID #: 4676